# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE A. YANEZ,<br><br>    Petitioner,<br><br>  v.<br><br>CHRIS PIERCE,<br><br>    Respondent. | Case No. 1:25-cv-01839-SAB-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE JUDICIAL REMEDIES<br><br>ORDER GRANTING PETITIONER LEAVE TO AMEND<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND PETITIONER BLANK HABEAS FORMS |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254.

In the petition, Petitioner alleges that he is falsely imprisoned and unlawfully detained based on digitally fabricated California Department of Corrections and Rehabilitation ("CDCR") records and identity fraud tied to a multi-state tax fraud enterprise under the Racketeer Influenced and Corrupt Organizations ("RICO") Act. (ECF No. 1 at 3.[1])

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

### A. Failure to Sign Under Penalty of Perjury

Habeas Rule 2(c) states that a petition must "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Habeas Rule 2(c)(5). Here, Petitioner has failed to sign the petition under the penalty of perjury. (ECF No. 1 at 8.)

### B. Exhaustion

A petitioner who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of his claims. The petition indicates that Petitioner is raising these claims for the first time because they are based on newly discovered evidence and that administrative remedies are futile because CDCR personnel have obstructed Petitioner. (ECF No. 1 at 5.) However, for purposes of federal habeas petitions filed pursuant to 28 U.S.C. § 2254, Petitioner must exhaust state judicial remedies, not administrative remedies. It is possible that Petitioner presented his claims to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether each of his claims has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

### C. Failure to State a Cognizable Federal Habeas Claim

"Section 2254(a)'s language permitting a habeas petition to be entertained 'only on the ground that [the petitioner] is in custody *in violation of the Constitution or laws or treaties of the*

*United States,'* (emphasis added), explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010). See Dickerson v. United States, 530 U.S. 428, 439 n.3 (2000) ("Habeas corpus proceedings are available only for claims that a person 'is in custody in violation of the Constitution or laws or treaties of the United States.'" (quoting 28 U.S.C. § 2254(a))). Here, the petition does not allege how the alleged digitally fabricated records and the RICO enterprise caused Petitioner's unlawful custody. The Court will grant Petitioner an opportunity to file an amended petition. See Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) ("It may be that [the petitioner's] conclusory averments cannot be factually supported, but a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.").

Accordingly, the Court HEREBY ORDERS that:

1. Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed for failure to exhaust state judicial remedies;

2. Petitioner is GRANTED leave to amend the petition;

3. Within **THIRTY (30) days** of the date of service of this order, Petitioner may file an amended petition for writ of habeas corpus; and

4. The Clerk of Court is DIRECTED to send Petitioner blank habeas forms.

IT IS SO ORDERED.

Dated:   **January 27, 2026**   _____

STANLEY A. BOONE
United States Magistrate Judge

3